

|  | **U.S. Department of Justice** |
|---|---|
|  | *United States Attorney* |
|  | *District of New Jersey* |

| | |
|---|---|
| *Ray A. Mateo* | *970 Broad Street, Suite 700* |
| *Assistant United States Attorney* | *Newark, New Jersey 07102* |

RAM/PLEA.AGR
2017R000221

June 29, 2022

Paul Molle, Esq.
Michael Hursey, Esq.
110 SE 6 St., Ste 1703
Fort Lauderdale, FL 33301

      Re:  <u>Plea Agreement with Robert Scott Wohrman</u>
            Criminal No. 23-cr-52-02

Dear Mr. Molle & Mr. Hursey:

      This letter sets forth the plea agreement between your client, Robert Scott Wohrman ("WOHRMAN"), and the United States Attorney for the District of New Jersey ("this Office"). The Office's offer to enter into this plea agreement will expire on July 8, 2022, if a signed copy is not received by this Office on or before that date.

<u>Charges</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from WOHRMAN to a two-count Information, charging him with: in Count One, Conspiracy to Violate the Federal Anti-Kickback Statute, in violation of Title 18, United States Code, Section 371; and in Count Two, Conspiracy to Commit Health Care Fraud, in violation of Title 18, United States Code, Section 1349. If WOHRMAN enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against WOHRMAN for, from in or about July 2020 through in or about January 2021, conspiring to receive kickbacks and bribes and to commit health care fraud in connection with referrals of orders for durable medical equipment and genetic cancer screenings.

      However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, WOHRMAN agrees that any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by WOHRMAN may be commenced against him,

notwithstanding the expiration of the limitations period after WOHRMAN signs the agreement.

Sentencing

The violation of 18 U.S.C. § 371 charged in Count One of the Information to which WOHRMAN agrees to plead guilty carries a statutory maximum prison sentence of five years and a statutory maximum fine which is the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 1349 charged in Count Two of the Information to which WOHRMAN agrees to plead guilty carries a statutory maximum penalty of ten years' imprisonment and a statutory maximum fine which is the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon WOHRMAN is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence WOHRMAN ultimately will receive.

Further, in addition to imposing any other penalty on WOHRMAN, the sentencing judge, with respect to both Count One and Count Two: (1) will order WOHRMAN to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order WOHRMAN to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*; (3) must order forfeiture pursuant to 18 U.S.C. § 982(a)(7); (4) may order WOHRMAN, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (5) pursuant to 18 U.S.C. § 3583, may require WOHRMAN to serve a term of supervised release of not more than three years on each of Counts One and Two, which will begin at the expiration of any term of imprisonment imposed. Should WOHRMAN be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term,

WOHRMAN may be sentenced to not more than two years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

WOHRMAN agrees to make full restitution for all losses resulting from the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying these offenses. The calculation of the losses resulting from the offenses of conviction is ongoing; however, the parties agree that the loss amount is at least $547,310.43 (durable medical equipment) and at least $18,319.12 (genetic cancer screenings), for a total loss amount of at least $565,629.55.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on WOHRMAN by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.  In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of WOHRMAN's activities and relevant conduct with respect to this case.

Stipulations

This Office and WOHRMAN agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.  This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties.  To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.  Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.  Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or WOHRMAN from any other portion of this agreement, including any other stipulation. If the

sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and WOHRMAN waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 982(c)(7), WOHRMAN agrees to forfeit to the United States all of his right, title, and interest in all property the defendant obtained that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the violations charged in Counts One and Two of the Information, which are Federal health care offenses within the meaning of 18 U.S.C. § 982(a)(7). WOHRMAN further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the aggregate value of the forfeitable property described above (the "Money Judgment"). WOHRMAN consents to the entry of an Order requiring him to pay the Money Judgment and that such Order will be final as to him2 prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. The defendant further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

WOHRMAN waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives

any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. The defendant waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

WOHRMAN further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If WOHRMAN fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that WOHRMAN has intentionally failed to disclose assets on his Financial Disclosure Statement, WOHRMAN agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Immigration Consequences

WOHRMAN understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. WOHRMAN understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. WOHRMAN wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. WOHRMAN understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, WOHRMAN waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against WOHRMAN. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against WOHRMAN.

No provision of this agreement shall preclude WOHRMAN from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that WOHRMAN received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between WOHRMAN and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

VIKAS KHANNA
First Assistant United States Attorney
Attorney for the United States
Acting Under Authority Conferred by
28 U.S.C. § 515

By: _____
RAY A. MATEO
Assistant U.S. Attorney

APPROVED:

_____
JASON S. GOULD
Chief, Health Care Fraud Unit

- 6 -

I have received this letter from my attorneys, Paul Molle, Esq. and Michael Hursey, Esq. My attorneys and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, restitution, forfeiture and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

*R Scott Wohrman*
Robert Scott Wohrman

Date: July 7, 2022

I have read and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, restitution, forfeiture and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

*Paul Molle*
Paul Molle, Esq.

Date: 7-8-2022

*Michael Hursey*
Michael Hursey, Esq.

Date: 7/8/22

**Plea Agreement with Robert Scott Wohrman ("WOHRMAN")**

**Schedule A**

1. This Office and WOHRMAN recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and WOHRMAN nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence WOHRMAN within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and WOHRMAN further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2021 applies in this case.

**Count One — Conspiracy to Receive Kickbacks**

3. The applicable guideline is U.S.S.G. § 2X1.1, which provides that the base offense level for any conspiracy is the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. Because the substantive offense for Count One is a conspiracy to receive kickbacks, the applicable guideline is U.S.S.G. § 2B4.1.

4. The Base Offense Level is 8. U.S.S.G. § 2B4.1(a).

5. Because the value of the improper benefit to be conferred was more than $550,000 but not more than $1,500,000, within the meaning of U.S.S.G. § 2B1.1(b)(1)(H), there is an increase of 14 levels. U.S.S.G. § 2B4.1(b)(1)(B).

6. No other Specific Offense Characteristics apply. Accordingly, the total offense level for Count One is 22.

**Count Two — Conspiracy to Commit Health Care Fraud**

7. The applicable guideline is U.S.S.G. § 2X1.1, which provides that the base offense level for any conspiracy is the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. Because the substantive offense for Count Two is a conspiracy to commit health care fraud, the applicable guideline is U.S.S.G. § 2B1.1.

8. Because the offense of conviction does not have a statutory maximum term of imprisonment of 20 years or more, this guideline carries a Base Offense Level of 6. U.S.S.G. § 2B1.1(a)(2).

9. Because the offense involved losses totaling more than $550,000 but not more than $1,500,000, the Specific Offense Characteristic results in an increase of 14 levels. U.S.S.G. § 2B1.1(b)(1)(H).

10. Because the offense involved sophisticated means and WOHRMAN intentionally engaged in or caused the conduct constituting the sophisticated means, the Specific Offense Characteristic results in an increase of 2 levels. U.S.S.G. § 2B1.1(b)(10)(C).

11. Because WOHRMAN was an organizer, leader, manager, or supervisor in the criminal activity within the meaning of § 3B1.1 there is an increase of 4 levels. U.S.S.G. § 3B1.1.

12. No other Specific Offense Characteristics apply. Accordingly, the total offense level for Count Two is 26.

### Grouping of Multiple Counts

13. The Government and WOHRMAN agree that the conspiracy to receive kickbacks and the conspiracy to commit health care fraud group because those counts involve "substantially the same harm" under U.S.S.G. § 3D1.2(d). The offense level for this group, pursuant to U.S.S.G. § 3D1.3(b), is the highest offense level of the counts in the Group. Accordingly, the total combined offense level is 26.

### Acceptance of Responsibility and Plea

14. As of the date of this letter, it is expected that WOHRMAN will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offenses and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and WOHRMAN's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. See U.S.S.G. § 3E1.1(a) and Application Note 3.

15. As of the date of this letter, it is expected that WOHRMAN will assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in WOHRMAN's offense level pursuant to

U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) WOHRMAN enters a plea pursuant to this agreement, (b) this Office in its discretion determines that WOHRMAN's acceptance of responsibility has continued through the date of sentencing and WOHRMAN therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) WOHRMAN's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

16. In accordance with the above, the parties agree that the total Guidelines offense level applicable to WOHRMAN is 23 (the "agreed total Guidelines offense level").

17. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 23 is reasonable.

18. This Office reserves the right to oppose a motion by WOHRMAN that his sentence run concurrent to the sentence imposed in *United States v. Wohrman*, Crim. No. (3:22-cr-267)) in the Northern District of Texas. The parties recognize, however, that whether to run the sentences concurrently falls within the sole discretion of the sentencing judge, and the sentencing judge's decision not to run the sentences concurrently will not be a basis for either party to be relieved of the terms of this plea agreement. The parties also agree that the existence of the Northern District of Texas case, or WOHRMAN's acceptance of guilt therein, is not a basis for a downward departure or variance. 1/24/23

19. WOHRMAN knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 23. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 23. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

10

20. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    a. Any proceeding to revoke the term of supervised release.

    b. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    c. An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).